# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIANTRÉ BELCHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-CV-0018-CVE-JFJ |
| | ) |
| JEROLD BRAGGS, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a habeas corpus action. Before the Court are two motions: (1) respondent's motion to dismiss the petition for failure to exhaust necessary state remedies (Dkt. # 9) and (2) petitioner's motion to stay the habeas proceedings pending exhaustion of state remedies (Dkt. # 15).[1] For the reasons discussed below, the Court shall deny respondent's motion to dismiss the petition and grant petitioner's motion for a stay.

## *BACKGROUND*

Petitioner challenges the constitutional validity of the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2014-3840. Dkt. # 1 at 1. In that case, a jury convicted him of four counts of robbery with a firearm, in violation of OKLA. STAT. tit. 21, § 801. Id.; see also Dkt. # 10-2, Belcher v. State, No. F-2015-867 (Okla. Crim. App. 2016) (unpublished) (hereafter "OCCA Op."). Consistent with the jury's recommendation, the trial court

---

[1] Petitioner's request for a stay was submitted as part of his response to respondent's motion to dismiss (Dkt. # 13). The Clerk of Court then docketed the request as a separate motion (Dkt. # 15).

imposed four five-year prison sentences and ordered them to be served consecutively. Dkt. # 10-2, OCCA Op., at 1.

Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals, raising one issue: his convictions are based solely on the uncorroborated testimony of accomplices. Id. The OCCA determined that the accomplice testimony presented at trial was sufficiently corroborated by other evidence, as required by Oklahoma law, and the evidence as a whole was sufficient for "any rational trier of fact [to] find [petitioner] guilty beyond a reasonable doubt." Id. at 2-3. The OCCA affirmed petitioner's judgment and sentence by unpublished summary opinion filed October 3, 2016. Id. at 3. Petitioner did not seek a writ of certiorari from the United States Supreme Court. Dkt. # 1 at 2.

Petitioner filed the instant federal habeas petition (Dkt. # 1) on December 28, 2017.[2] Petitioner alleges he is entitled to habeas relief on five grounds:

> Ground 1: The petitioner's 14th U.S.C.A. due process of law rights were violated under Jackson v. Virginia due to insufficient evidence to sustain the guilty verdict of the jury[.]
>
> Ground 2: The petitioner's 14th U.S.C.A. due process of law rights were under Brady and Napue deprived, denied and violated by the prosecution withholding, suppressing and concealing of its prosecution leniency [sic] deals with two of its star state witnesses. Prosecutorial misconduct

---

[2] The Clerk of Court received the petition on January 4, 2018. Dkt. # 1. However, petitioner alleges he placed his petition in the prison mail system on December 28, 2017, petitioner signed the petition on December 28, 2017, and the envelope that contained his petition is identified as "legal mail" and postmarked December 29, 2017. Id. at 25, 27-28. With the benefit of the prison mailbox rule, the petition is deemed filed on December 28, 2017. See Houston v. Lack, 487 U.S. 266, 270-72 (1998) (holding that pro se prisoner's pleading is deemed filed when given to prison official for mailing, "regardless of when the court itself receives the documents"); Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005) (describing showings pro se prisoner must make to receive benefit of prison mailbox rule).

>     Ground 3:    Perjured testimony- prosecutorial misconduct 14th Amend[ment]; Napue 14th Amend[ment] violation
>
>     Ground 4:    Ineffective assistance of trial counsel 6th Amend[ment]
>
>     Ground 5:    Ineffective assistance of appellate counsel 14th Amend[ment]

Dkt. # 1 (altered to omit full capitalization of issue statements).

On January 4, 2018,[3] petitioner filed an application for post-conviction relief in state district court raising the same five issues:

>     Proposition 1:    The petitioner's 14th U.S.C.A. due process of law rights were under Brady and Napue deprived, denied and violated by the prosecution withholding, suppressing and concealing of its prosecution lenicency [sic] deals with two of its star state witnesses. Prosecutorial misconduct[.]
>
>     Proposition 2:    The petitioner's 14th U.S.C.A. due process of law rights were under Napue deprived, denied and violated by the prosecutorial misconduct of soliciting, procuring and relying on perjured testimony of its critical state witnesses the codefendants Gix and Wesson to obtain the wrongful conviction of the actually factually innocent defendant Belcher prosecutorial misconduct.
>
>     Proposition 3:    The petitioner's 14th U.S.C.A. due process of law rights were violated under Jackson v. Virginia due to insufficient evidence to sustain the guilty verdict of the jury[.]
>
>     Proposition 4:    Ineffective assistance of trial counsel

---

[3] Petitioner alleges he placed his state application for post-conviction relief in the prison's legal mail system on the same day as his federal habeas petition, December 28, 2017. Dkt. # 13 at 1-2. But Oklahoma does not recognize a prison mailbox rule for filings by pro se prisoners. Burger v. Scott, 317 F.3d 1133, 1140-41 (10th Cir. 2003). As a result, petitioner's state application for post-conviction relief was filed on the date the state district court clerk stamped his application as received, January 4, 2018. See id. at 1140 (explaining that state post-conviction filing is "properly filed" under Oklahoma law as of date "the proper documents were either delivered to or received by the courts, rather than to or by prison officials").

Proposition 5: Ineffective assistance of appellate counsel

Dkt. # 10-4 (altered to omit full capitalization of issue statements).

On February 27, 2018, respondent filed a motion to dismiss the petition for failure to exhaust state court remedies (Dkt. # 9), along with a supporting brief (Dkt. # 10). Petitioner filed a response to the motion to dismiss (Dkt. # 13) and a motion to stay the habeas proceeding (Dkt. # 15) on April 27, 2018.[4] Respondent filed a reply (Dkt. # 14), addressing petitioner's response to the motion to dismiss and opposing petitioner's request for a stay.

## *ANALYSIS*

Respondent moves to dismiss the habeas petition because it is a "mixed petition," i.e., a petition containing both exhausted and unexhausted claims. Dkt. ## 9, 10. Respondent concedes petitioner exhausted the claim alleged in Ground 1, but argues he failed to exhaust the claims alleged in Grounds 2 through 5. Dkt. # 10 at 2, 6. Respondent opposes petitioner's request for a stay and urges the Court to either dismiss the petition without prejudice or permit petitioner to file an amended petition omitting the unexhausted claims. Dkt. # 10 at 6; Dkt. # 14 at 2-8.

---

[4] The Clerk of Court received petitioner's response on May 3, 2018. Dkt. # 13 at 1. Petitioner swears, under penalty of perjury, that he placed the response in the prison's legal mail system, with the appropriate amount of postage affixed, on April 27, 2018. Id. at 8. The corresponding envelope, stamped "legal mail," is postmarked April 30, 2018. Id. at 9. Applying the prison mailbox rule, see Price, 420 F.3d at 1166, the response is deemed filed on April 27, 2018. As respondent points out in his reply, petitioner filed his response beyond the deadline of April 20, 2018. Dkt. # 14 at 1-2; Dkt. # 12 (establishing deadline). Respondent therefore "objects to Petitioner's untimely request for a stay and abeyance." Dkt. # 14 at 1-2. The Court agrees petitioner's response to the motion to dismiss is untimely. But by establishing a response deadline, the Court did not impose a deadline for filing a motion to stay. Moreover, because respondent fully addresses petitioner's request for a stay in his reply, see id. at 2-8, the Court sees no reason to deny the motion for a stay as "belated," id. at 1.

Petitioner concedes that four of his five claims are unexhausted. Dkt. # 13 at 3. Relying on Rhines v. Weber, 544 U.S. 269 (2005), Pace v. DiGuglielmo, 544 U.S. 408 (2005), and Doe v. Jones, 762 F.3d 1174 (10th Cir. 2014), petitioner characterizes his petition as a "protective" habeas petition and asks the Court to stay this habeas proceeding and hold the petition in abeyance pending the conclusion of his state post-conviction proceedings. Id. at 1, 4-7.

The Antiterrorism and Effective Death Penalty Act (AEDPA) generally "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." Ellis v. Raemisch, 872 F.3d 1064, 1076 (10th Cir. 2017); see also 28 U.S.C. § 2254(b)(1). The AEDPA's exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Several years before Congress enacted the AEDPA, the United States Supreme Court determined in Rose v. Lundy, 455 U.S. 509 (1982), that principles of comity and federalism required "total exhaustion." See Rhines, 544 U.S. at 274 (discussing Lundy's "total exhaustion" requirement). To enforce this total exhaustion requirement, the Supreme Court directed district courts to dismiss mixed petitions so that petitioners could return to state court and exhaust previously unexhausted claims before returning to federal court. Rhines, 544 U.S. at 274.

However, in enacting the AEDPA, Congress imposed a one-year limitation period for the filing of a federal habeas petition by a state prisoner. 28 U.S.C. § 2244(d)(1). In most cases, the one-year period commences on the date the prisoner's conviction becomes final, which occurs at the conclusion of direct review or when the time for direct review has expired. Id. § 2244(d)(1)(A). The AEDPA also includes a provision that tolls the one-year limitation period during the time a state

prisoner's application for collateral review is pending in state court. Id. § 2244(d)(2). However, to benefit from statutory tolling, a state prisoner must file his or her application for state collateral review in accordance with applicable state rules and within the AEDPA's one-year limitation period. Id.; Burger, 317 F.3d at 1138-41. In Rhines, the Supreme Court recognized,

> "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity of any federal review of their unexhausted claims. If a petitioner filed a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review."

544 U.S. at 275. The Supreme Court also noted that Lundy's total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief." Rhines, 544 U.S. at 278. Thus, the Rhines Court held, in limited circumstances it is appropriate for a district court to stay a federal habeas proceeding and hold the federal habeas petition in abeyance to allow a petitioner presenting a mixed petition to return to state court and exhaust his or her unexhausted claims. Id. at 275-79.

In short, district courts are no longer required to dismiss mixed petitions in order to enforce the total exhaustion requirement. Rather, a court faced with a mixed petition may (1) dismiss the entire petition without prejudice and permit the petitioner to return to state court to exhaust unexhausted claims, (2) employ the stay and abeyance procedure and permit the petitioner to return to state court to exhaust unexhausted claims, (3) allow the petitioner to amend the petition to dismiss unexhausted claims and proceed only on exhausted claims, or (4) deny the entire petition on the merits. Wood v. McCollum, 833 F.3d 1272, 1273 (10th Cir. 2016); see also Grant v. Royal, 886 F.3d 874, 892 (10th Cir. 2018) (noting that dismissal without prejudice for lack of exhaustion is not appropriate if the state court would find the petitioner's claims procedurally barred and concluding

6

a district court may apply an anticipatory procedural bar to those claims and deem them procedurally defaulted for purposes of federal habeas review).

The Court finds the circumstances of this case support granting a stay rather than either dismissing the petition without prejudice or requiring petitioner to omit his unexhausted claims. First, petitioner faces the very situation contemplated in Rhines: he filed a timely but mixed federal habeas petition and his AEDPA deadline has now expired. Petitioner's conviction became final on January 1, 2017, 90 days after the OCCA affirmed his convictions on direct appeal. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding direct review concludes when 90-day period for filing petition for writ of certiorari in the United States Supreme Court expires). His one-year limitation period commenced the next day, January 2, 2017, and expired on January 2, 2018. See United States v. Hurst, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding AEDPA limitation period is calculated in accordance with Fed. R. Civ. P. 6(a)). With the benefit of the prison mailbox rule, petitioner filed his federal habeas petition on December 28, 2017, five days before his AEDPA deadline expired. However, while he simultaneously mailed his federal habeas petition and his state application for post-conviction relief, his state application was not filed until January 4, 2018, two days after his AEDPA deadline expired. As a result, petitioner's application for post-conviction relief was filed too late for petitioner to benefit from § 2244(d)(2)'s statutory tolling provision. Should the Court dismiss his habeas petition on exhaustion grounds, any subsequent federal habeas petition would almost certainly be time barred. In other words, dismissal of his habeas petition would "likely mean the termination of any federal review." Rhines, 544 U.S. at 275.

Even in this situation, however, a district court does not have unfettered discretion to grant a stay. Rhines, 544 U.S. at 277; Doe, 762 F.3d at 1181. Instead, a district court should grant a stay

7

only if the court finds that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Here, contrary to Respondent's assertion, the Court finds no indication in the record that petitioner engaged in intentionally dilatory litigation tactics. And, on the facts alleged in the habeas petition, petitioner's unexhausted claims appear to be potentially meritorious. Thus, the only remaining question is whether petitioner has demonstrated good cause for his failure to exhaust his claims.

For two reasons, the Court finds petitioner has demonstrated good cause. First, petitioner alleges he was "confused as to when the State court clerk was required to stamp file [his] post-conviction pleading after having received those pleadings in the Court clerk's office for filing." Dkt. # 13 at 5. In Pace, the Supreme Court discussed Rhines' good cause requirement and reasoned that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" before fully exhausting his state remedies. Pace, 544 U.S. at 416. Here, in recognition that his AEDPA deadline might expire before he could exhaust state remedies as to the claims he did not raise on direct appeal, petitioner simultaneously mailed his state application for post-conviction relief and his federal habeas petition. Dkt. # 13 at 5. As petitioner contends, the Pace Court specifically suggested that a state prisoner concerned that his one-year limitation period might expire before he could exhaust state remedies could "fil[e] a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace, 544 U.S. at 416; see also Doe, 762 F.3d at 1179-81 (discussing the use of a "protective" federal habeas petition). In Doe, the Tenth Circuit described a petitioner's federal habeas petition as "the quintessential 'protective petition'" when the

8

petitioner "raised the exact same claims in both his state postconviction application and federal habeas petition, which were filed simultaneously just before the AEDPA statute of limitations had run." 762 F.3d at 1181; see also Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006) (discussing protective habeas petitions and suggesting "it would be wise for a petitioner to file in both state and federal court simultaneously, particularly where there is some procedural uncertainty about the state court post-conviction proceeding, and then ask the district court to stay the federal case until the state case concludes to ensure that she does not miss the one-year deadline"). The Tenth Circuit reasoned that by filing the "protective petition," the petitioner in Doe sought "only the opportunity to receive a stay and abeyance for the same reasons the Court in *Rhines* adopted the procedure in the first place." Doe, 762 F.3d at 1181. The Tenth Circuit further reasoned, "Where a petitioner files a protective federal habeas petition during the pendency of state court proceedings because of the short time period remaining on the federal statute of limitations and can meet the *Rhines* three-part test, the total exhaustion rule's protection against 'needless piecemeal litigation' and 'proceedings whose only purpose is to vex, harass, or delay' is not compromised." Id. at 1180-81. Here, like the petitioner in Doe, petitioner filed a quintessential protective habeas petition, raising the same five claims as he did in his application for state post-conviction relief, based on his confusion about when his state application would be deemed properly filed. Second, petitioner alleges that he was held in the Tulsa County detention center for four months during his one-year limitation period and, as a result, he did not have access to his legal materials. Dkt. # 13 at 4-5. Thus, he had only eight months to prepare and file both his state application for post-conviction relief and his federal habeas petition. This abbreviated limitation period resulted from circumstances

9

beyond petitioner's control. For these reasons, the Court finds petitioner has demonstrated good cause for failing to exhaust his state remedies before filing his federal habeas petition.

## *CONCLUSION*

Based on the foregoing analysis, the Court finds dismissal of petitioner's federal habeas petition, without prejudice, would likely result in the termination of any federal review. Thus, the Court denies respondent's motion to dismiss the petition for lack of exhaustion. The Court further finds the circumstances of this case warrant granting petitioner's motion for a stay and holding his federal habeas petition in abeyance until the conclusion of his state post-conviction proceedings. Within thirty (30) days after the conclusion of his state court proceedings, petitioner shall file written notice with the Court, attaching a copy of each relevant state court decision, and requesting that the stay be lifted. Upon receipt of that notice, the Court shall lift the abatement and establish deadlines for a response and reply.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 9) is **denied**.
2. Petitioner's motion to stay (Dkt. # 15) is **granted**.
3. Within thirty (30) days after the conclusion of petitioner's state post-conviction proceedings, petitioner shall notify the Court in writing that his state proceedings are complete, provide the Court with a copy of each relevant state court decision, and request that the stay be lifted.
4. This habeas proceeding is abated until further Order from the Court.

**DATED** this 10th day of September, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE